IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL JACKSON**, | : | CIVIL ACTION NO. 1:08-CV-0234 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN EBBERT**, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 6th day of February, 2008, upon consideration of the petition for emergency writ of habeas corpus and injunction (Doc. 1), filed by *pro se* petitioner, which requests an emergency injunction restraining prison officials from placing petitioner in administrative housing pending his transfer to correctional authorities in the District of Columbia in accordance with a detainer lodged against him (see Doc. 1 at 2),[1] and it appearing that petitioner therefore challenges the conditions of his confinement, which are properly cognizable under 42 U.S.C. § 1983 rather than via a petition for writ of habeas corpus, see Leamer v. Fauver, 288 F.3d 532, 542-43 (3d Cir. 2002), and that a prisoner's challenge to conditions of confinement potentially implicates the prisoner's rights under the Eighth Amendment and Due Process Clause of the Fifth Amendment, see, e.g., Watson v. Nardolillo, No. Civ. A. No. 07-1324, 2007 WL 2221426, at *1 (E.D. Pa. Aug. 1, 2007), and it further appearing that placement in administrative housing does not, in and

---

[1] Petitioner does not challenge the validity of the detainer lodged against him. He objects solely to the facility in which he is held pending transfer. (Doc. 1 at 2.)

of itself, constitute cruel and unusual punishment actionable under the Eighth Amendment, see Woods v. Abrams, No. Civ. A. 06-757, 2007 WL 2852525, at *11 (W.D. Pa. Sept. 27, 2007) (citing Hutto v. Finney, 437 U.S. 678, 686 (1978)), and that a prisoner has no due process liberty interest in remaining among the general prison population rather than in administrative housing, see Sheehan v. Beyer, 51 F.3d 1170, 1175 (3d Cir. 1995), and the court finding that petitioner's failure to demonstrate a likelihood of success on the merits of his constitutional claims requires denial of the injunction, see McLaughlin v. Fultz, No. 3:CV-06-1385, 2008 WL 239557, at *4 (M.D. Pa. Jan. 28, 2008), it is hereby ORDERED that:

1. The petition (Doc. 1) is CONSTRUED as a motion for an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to restrain alleged violations of rights protected under 42 U.S.C. § 1983. The petition is DENIED as so construed.

2. The Clerk of Court is instructed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge